IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY OSTROWSKI,

        Case No. 6:21-cv-1689-SI

        Petitioner,

        OPINION AND ORDER

    v.

BRANDON KELLY,

        Respondent.

        Anthony Ostrowski
        7435031
        Oregon State Penitentiary
        2605 State Street
        Salem, OR 97310-0505

        Petitioner, *Pro Se*

        Ellen F. Rosenblum, Attorney General
        James Aaron, Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, Oregon 97310

        Attorneys for Respondent

MICHAEL H. SIMON, District Judge.

    Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Multnomah County convictions dated January 5, 2016. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is dismissed.

1 – OPINION AND ORDER

**BACKGROUND**

On November 18, 2015, Petitioner entered a global plea deal to resolve two pending cases involving child sexual abuse in Multnomah County. Petitioner pleaded guilty to four counts of Using a Child in a Display of Sexually Explicit Conduct and one count of Sodomy in the Second Degree. As a result, the Multnomah County Circuit Court sentenced him to a total of 252 months in prison. The Circuit Court entered judgments in both cases on January 11, 2016, and Petitioner did not take a direct appeal.

On October 5, 2017, 603 days later, Petitioner filed for post-conviction relief ("PCR") in Marion County where the PCR court denied relief on his claims. Respondent's Exhibit 122. The Oregon Court of Appeals affirmed that decision without issuing a written opinion, and the Oregon Supreme Court denied review. *Ostrowski v. Kelly*, 305 Or. App. 855, 469 P.3d 294, *rev. denied,* 367 Or. 387, 478 P.3d 542 (2020). The PCR Appellate Judgment issued on January 29, 2021. Respondent's Exhibit 128.

On April 5, 2021, Petitioner filed a successive PCR action in Marion County. Respondent's Exhibits 129-130. While his successive PCR action was pending, on November 15, 2021, Petitioner proceeded to file his Petition for Writ of Habeas Corpus. Respondent asks the Court to dismiss the Petition because Petitioner failed to file it within the Anti-terrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations. Petitioner concedes that he did not timely file his Petition, but asks the Court to equitably toll the statute

of limitations due to the alleged misconduct of his trial attorney.[1]

## **DISCUSSION**

Equitable tolling is available to toll the one-year statute of limitations applicable to 28 U.S.C. § 2254 habeas corpus cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The "'extraordinary circumstances beyond a prisoner's control [must] make it impossible to file a petition on time.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Brambles v. Duncan*, 330 F.3d 1197, 1202 (9th Cir. 2003)). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Tillema v. Long*, 253 F.3d 494, 504 (9th Cir. 2001). The habeas corpus applicant bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner argues that the underlying issue in this case is his lack of legal knowledge as to how to pursue a review of his convictions. Ignorance of the law, however, does not constitute

---

[1] On October 14, 2022, while this case was under advisement, Petitioner filed a Response (#28) to Respondent's Reply (#27). Although Petitioner's Response is not contemplated by the briefing schedule where he did not seek leave to file it, the Court has nevertheless fully considered the contents of the Response.

3 – OPINION AND ORDER

an extraordinary circumstance that warrants equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner also asserts that the time lapse between the original PCR Appellate Judgment and the filing of this federal habeas corpus case is not attributable to him because a prison legal assistant mistakenly advised him that the pendency of his second PCR action tolled the AEDPA's statute of limitations. The "garden variety" negligence of an attorney, such as miscalculating deadlines, is not a basis for equitable tolling. *See Luna v. Kernan*, 784 F.3d 640, 647 (9th Cir. 2015). "Because attorney negligence in calculating the AEDPA timeline is not an extraordinary circumstance warranting equitable tolling, it does not seem that nonattorney negligence, assuming such negligence exists here, would warrant equitable tolling." *Rolle v. Florida*, 2012 WL 7808122, at *5 (N.D. Fla. Nov. 8, 2012). "This conclusion is consistent with the Ninth Circuit's holding in an unpublished decision that a petitioner's 'allegation that prison law clerks misadvised him regarding the statute of limitations applicable to his § 2254 petition does not constitute "extraordinary circumstances" entitling him to equitable tolling of AEDPA's statute of limitations.'" *United States v. Brewer*, 2019 WL 5227860, at *6 (D. Ariz. Sept. 25, 2019), *report and recommendation adopted*, 2019 WL 5213334 (D. Ariz. Oct. 16, 2019) (quoting *Jackson v. Del Papa,* 91 F. App'x 592, 593 (9th Cir. 2004)); *see also Reyes-Carreon v. Williams*, 399 F. App'x 226 (9th Cir. 2010) ("Reyes-Carreon contends that the district court should not have dismissed his petition as untimely filed

because he relied on incorrect advice from an 'assistant' in his prison law library. This contention lacks merit."); *Brissette v. Herndon*, 2009 WL 1437822, at *2 (C.D. Cal. May 21, 2009) ("Errors by jailhouse lawyers do not warrant equitable tolling. While egregious misconduct by counsel may justify equitable tolling, equitable tolling has never been extended to such misconduct by a jailhouse lawyer. It cannot be deemed extraordinary that jailhouse lawyers might make errors in their representation of fellow inmates." (citation omitted)).[2]

Petitioner also claims that, due to insufficient communication and advice from his trial attorney, he was unable to comply with the AEDPA's statute of limitations. He argues that as soon as he entered his guilty pleas, he regretted his decision and attempted to contact his trial attorney to either withdraw his pleas or file an appeal. He asserts that he had already asked counsel to file the notice of appeal required by Oregon law, but his lawyer did not do so. According to Petitioner, not only did counsel never file a direct appeal, but he repeatedly ignored Petitioner's attempts to communicate with counsel between January 2016 and July 2017. Petitioner contends that he would have done more to pursue this federal habeas corpus case had counsel responded to Petitioner's inquiries and properly advised him of the proper procedures for pursuing his direct appeal in state court.

---

[2] Even if this were not the case, by the time Petitioner filed his first PCR action, 603 untolled days had already elapsed without any extraordinary circumstance justifying equitable tolling, thereby rendering any discussion of equitable tolling in the context of the second PCR action irrelevant.

In support of his request for equitable tolling, Petitioner provides a Declaration outlining this communication history as well as what he purports to be drafts of the written correspondence he sent counsel. Petitioner's Exhibits 1a-1f. He provided the same Declaration and written correspondence to the Marion County Circuit Court during his first PCR action where he alleged that trial counsel was ineffective for failing to file a direct appeal on his behalf despite repeated requests that he do so. Respondent's Exhibit 109, pp. 6-8; Respondent's Exhibit 111.

A lawyer's mistakes that cause a litigant to miss a filing deadline generally do not support equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007). Only where the attorney's errors are particularly egregious, or where counsel has abandoned a client altogether, will equitable tolling be warranted. *Luna*, 784 F.3d at 646 (egregious attorney error); *Mackey v. Hoffman*, 682 F.3d 1247, 1253 (9th Cir. 2012) (attorney abandonment). The Ninth Circuit recently found equitable tolling appropriate in the context of attorney error where a habeas petitioner:

> frequently wrote his [PCR] lawyer to inquire about the status of his case and, on numerous occasions, sought his lawyer's advice as to whether the time for filing his federal habeas petition was running. Time and time again, Benjamin's lawyer assured him, albeit erroneously, that the statute of limitations was tolled during the state post-conviction relief appeal.

* * *

> Here, Benjamin has shown that his lawyer's actions qualify as an extraordinary circumstance. Throughout his representation, Benjamin's lawyer continually misled him about when the [AEDPA's] statute of limitations was running on what was likely [Benjamin's] single opportunity for federal habeas review, thus seriously prejudicing him.

*Benjamin v. Kelly,* 2022 WL 1285040 at *1-2 (9th Cir., Apr. 29, 2022) (quotation marks omitted).

Unlike the petitioner in *Benjamin,* Petitioner has not alleged, let alone established, that his state-court attorney continually misled him about the AEDPA's statute of limitations. Instead, he claims that his trial attorney failed to adequately respond to his inquiries seeking advice and assistance with regard to filing a direct appeal in state court. To the extent such a failure could justify equitable tolling of the AEDPA's statute of limitations, Petitioner's trial attorney testified during the PCR court's evidentiary hearing that he never received a majority of the correspondence Petitioner referenced, and that he responded appropriately to the correspondence that did reach him. The PCR court specifically found trial counsel to be credible, Petitioner not to be credible, and that counsel appropriately responded to the correspondence he actually received. Respondent's Exhibit 121, pp. 34-35. In the absence of clear and convincing evidence to the contrary, this Court is obligated to accept these findings. *See* 28 U.S.C. § 2254(e)(1). Accepting trial counsel's version of events as he related them in the PCR hearing as true, his performance did not amount to

abandonment  or  egregious  attorney  misconduct  warranting
equitable tolling.

Even if this Court were not bound by the PCR court's
credibility determination, Petitioner still would be unable to
plausibly allege that he exceeded the AEDPA's statute of
limitations because his trial attorney's lack of communication
prevented him from filing a direct appeal. Petitioner signed two
plea petitions that, directly above his signature and that of
his trial attorney, contained a section entitled **"PROCEDURES FOR
PROTECTING YOUR RIGHT TO APPEAL."** Respondent's Exhibits 103 &
104 (bold and capitalization in original). These plea petitions
explicitly advised him that, if he wished to file a direct
appeal, within 30 days of the Circuit Court's judgment he must:
(1) prepare a written notice of appeal; (2) serve copies of the
notice of appeal on all parties; and (3) file the original
signed notice of appeal and proof of service with the Oregon
Court of Appeals' State Court Administrator at the address
provided for him within the notice.[3] The notification
specifically advised him that if he lacked funds for an attorney
on appeal, he could "ask the trial court to appoint a lawyer to
represent [him] and to provide a transcript for the purposes of
appeal." *Id.* It went on to provide a street address for the
Indigent Defense Section of the Office of the Trial Court
Administrator as well as a contact phone number for his use. *Id.*
In this respect, Petitioner needed only to file a notice of

---

[3] Although Petitioner had 30 days from the entry of his judgments to file a
notice of appeal, that deadline extended 85 days from the date he signed his
plea petitions.

appeal as instructed in the documents he signed, or apply for a court-appointed attorney to assist him with the appellate process.

Even if Petitioner had shown the presence of extraordinary circumstances that made it impossible for him to timely file for habeas corpus relief, he would also be required to show that he acted with reasonable diligence under the circumstances of his case. Petitioner contends that his actions constitute reasonable diligence given that he made every effort to overcome his ignorance of the law. He maintains that his ability to familiarize himself with the relevant legal concepts and procedures simply took longer than the time allowed by the AEDPA's statute of limitations.

As previously stated, Petitioner's lack of familiarity with the law is not a basis for equitable tolling. *See Rasberry*, *supra,* 448 F.3d at 1154. With respect to the diligence inquiry, Petitioner's assertion that he moved as quickly as he could after he had the proper information is not accurate. As discussed above, Petitioner's plea petitions advised him of Oregon's direct appellate remedy process in November 2015. Accordingly, his claim that it was not reasonable to expect him to understand the appellate process for an extended period of time is unavailing.

In addition, in a July 10, 2017 letter Petitioner penned to either his trial attorney "or Clerk of Records,"[4] he expressed

---

[4] The PCR court made a factual finding, unrebutted by clear and convincing evidence in this habeas case, that counsel never received this letter. Respondent's Exhibit 121, pp. 34-35.

his understanding that the AEDPA's statute of limitations had already expired. Petitioner's Exhibit 1f. A reasonable prisoner, armed with this knowledge, would presumably undertake significant efforts to file a habeas corpus petition as quickly as possible and attempt to set forth the reasons for the late filing. Petitioner did not do so. Instead, he waited more than four years from the date he authored that letter, and more than nine months following the conclusion of his first PCR action, to file his Petition for Writ of Habeas Corpus.[5] This does not constitute reasonable diligence. For all of these reasons, Petitioner is not entitled to equitable tolling, and his Petition for Writ of Habeas Corpus is subject to dismissal because it is untimely.

<u>**CONCLUSION**</u>

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is dismissed. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 3rd day of November, 2022    /s/ *Michael H. Simon*
                                        Michael H. Simon
                                        U.S. District Judge

---

[5] Despite the passage of 603 days from the date his direct appeal became final, Petitioner's state PCR filing was timely because Oregon allows its PCR petitioners two years in which to file such actions. ORS 138.510(3). The Ninth Circuit has concluded that the dichotomy between Oregon's two-year PCR statute of limitations and the AEDPA's one-year statute of limitations does not give rise to equitable tolling. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003), *cert. denied*, 540 U.S. 924 (2003).